JOSHUA M. MASUR (SBN 203510)
jmasur@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Office 154
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

Attorneys for Petitioner
AO Kaspersky Lab

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of AO KASPERSKY LAB for an Order Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in a Foreign Proceeding | Case No.: 4:20-mc-80048-KAW<br><br>**AMENDED APPLICATION FOR DISCOVERY UNDER 28 U.S.C. § 1782** |

**Introduction**

Petitioner AO Kaspersky Lab ("Kaspersky") requests an order under 28 U.S.C. § 1782 granting leave to serve a discovery subpoena in this District for use in a foreign proceeding. The subpoena will be directed to Google LLC ("Google"). This company has been identified as a source of information relevant to an ongoing criminal investigation in the Russian Federation concerning theft of Kaspersky software and code by several of its former employees. Government investigators in Moscow recently concluded that software and code was uploaded by Kaspersky's former employees to Google Play. Google is not a party to the foreign proceeding and the information at issue is only available in this District.

/ / /

1. **BACKGROUND: DISCOVERY IN THIS DISTRICT IS NEEDED FOR A PROCEEDING IN THE RUSSIAN FEDERATION**

Kaspersky is a Russian Corporation based in Moscow that develops and implements computer-security software products. Kniser Dec. ¶ 3. This § 1782 application requests discovery in aid of a criminal investigation that is now being conducted by the Russian Department of Internal Affairs[1] in Moscow, Russian Federation (the "Foreign Proceeding"). The specific information that Kaspersky seeks is:

- Any software and code related to the "NextAuth" application (com.kibersec.nextauth) uploaded to Google Play, if available;
- Any non-content information that identifies developer and application registrations for the "NextAuth" application (com.kibersec.nextauth) including email addresses and addresses.

The Foreign Proceeding is a response to a complaint by Kaspersky. Kniser Dec. ¶¶ 5-10. In general terms, the Foreign Proceeding concerns the theft and unauthorized disclosure of Kaspersky's trade secrets by three of its former employees.[2] The Former Employees worked on an important project, the "Kaspersky Fraud Prevention Cloud," while employed by Kaspersky. Kniser Dec. ¶ 6.[3] Under the Former Employees' respective employment contracts, all the software they developed during their employment is Kaspersky's exclusive property. Kniser Dec. ¶ 6. While they were Kaspersky employees, these Former Employees started a new company, "Cybersecurity Solutions"[4] with the website www.kibersec.com. Kniser Dec. ¶ 7.

---

[1] The First Unit of the Investigative Office for Organized Crime Investigation Division of the Department of Internal Affairs, North Administrative District of the Main Directorate of Internal Affairs of Russia for the City of Moscow will be referred to as the "Russian Department of Internal Affairs."

[2] Alexander Anatolyevich Ermakovich, Vladimir Alexandrovich Skvortsov, and Evgeny Borisovich Kolotinksy. Kniser Dec. ¶ 6. These three will be referred to collectively as the "Former Employees."

[3] All references to "Kniser Dec." refer to the Declaration of Casey Kniser with Exhibits A-J filed in support of this Application under 28 U.S.C. § 1782.

[4] This company is also referred to as "Kibersec."

In breach of their employment contracts, the Former Employees resigned their positions at Kaspersky and began marketing and selling their work for Kaspersky independently through their new company. Kniser Dec. ¶ 7. As a direct result of losing the Former Employees' work on Fraud Prevention Cloud, Kaspersky has incurred significant damages. Kniser Dec. ¶ 7d. The damages resulted from the Former Employees' breach of their employment contracts. Kniser Dec. ¶ 8. Kaspersky's complaint identified criminal violations by the Former Employees including fraud, illegal receipt and disclosure of secret information, abuse of authority, and copyright violations. Kniser Dec. ¶ 9.

The Russian Department of Internal Affairs has issued several requests for information in the course of its investigation. The first request concerned Kibersec documents under IBM Corporation's control. Kniser Dec. ¶¶ 10-11. To obtain these documents, Kaspersky Lab filed an application under § 1782 in the Southern District of New York and IBM stipulated to the issuance of a subpoena. Kniser Dec. ¶¶ 12-13.

A second request for information issued in October 2019 for Kibersec software, uploaded to Google servers, including the "NextAuth" application. Kniser Dec. ¶ 16. This request was later clarified in December 2019 as being directed specifically to Kibersec's NextAuth application on Google Play. Kniser Dec. ¶ 17.

The most recent request for information on December 27, 2019, added a request directed to the NextAuth application or Kibersec component uploaded to Google Play. Kniser Dec. ¶¶ 18-20. Google is not a party to the Foreign Proceeding in Moscow. Kniser Dec. ¶ 21.

2. **ARGUMENT: KASPERSKY'S APPLICATION MEETS THE STATUTORY AND DISCRETIONARY REQUIREMENTS FOR OBTAINING DISCOVERY UNDER § 1782.**

   A. **The discovery sought from a resident of this District will be used in a foreign proceeding on behalf of Kaspersky, an interested party.**

The relevant parts of § 1782 give the Court authority to order—on "application of any interested person"—production by persons within this District of "a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted

before formal accusation." 28 U.S.C. § 1782. The Ninth Circuit summarizes the statutory requirements of § 1782 as permitting "any 'interested person' to file an application in the district court requesting that the court order another person to produce testimony or documents for use 'in a proceeding in a foreign or international tribunal.'" *Akebia Therapeutics, Inc. v. FibroGen, Inc.* 793 F.3d 1108, 1110 (9th Cir. 2015). Kaspersky's application meets these requirements.

Kaspersky Lab is an "interested person" authorized to bring this action. The Foreign Proceeding was initiated by Kaspersky Lab and concerns theft of Kaspersky Lab's intellectual property. And given the significant financial harm Kaspersky Lab has suffered – including the loss of a product – it has "a reasonable interest in obtaining judicial assistance" from the foreign tribunal. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004).

Section 1782 explicitly permits district courts to grant discovery in aid of criminal investigations conducted before formal accusation. For example, granting § 1782 discovery has been affirmed where the applicant, "a Swiss criminal complainant," sought documents "to provide to a Swiss investigating magistrate overseeing a criminal inquiry related to a Bernard Madoff 'feeder fund' in Switzerland." *In re Application for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proceedings (Berlamont),* 773 F.3d 456, 457 and 462 (2d Cir. 2014). The Foreign Proceeding here is also a criminal investigation. Kniser Dec. ¶¶ 10-11. This investigation was instituted after Kaspersky, the victim, lodged a complaint against the Former Employees for violating specific articles of the Russian Criminal Code. Kniser Dec. ¶ 9.

Kaspersky Lab's subpoena to Google (Kniser Dec. ¶ 2, Ex. A) concerns information about Kibersec and NextAuth, information that the Russian Department of Internal Affairs seeks. This is the proper court for Kaspersky's application because Google is headquartered in the Northern District of California. Kniser Dec. ¶ 22. Any responsive documents produced will be given to the Russian Department of Internal Affairs for use in the investigation. Kniser Dec. ¶ 23. Kaspersky's Proposed Order specifically limits use of any information received from Google to legal proceedings involving the Former Employees or Kibersec. Kniser Dec. ¶ 24.

/ / /

/ / /

**B.     The Relevant Discretionary Factors Under § 1782 Also Support Kaspersky Lab's Application.**

Once the three statutory requirements are satisfied, the Court has "broad discretion" to grant Kaspersky Lab's requested discovery. *Akebia Therapeutics, Inc. v. FibroGen, Inc.* 793 F.3d 1108, 1112 (9th Cir. 2015). The Supreme Court has identified four discretionary factors that should be considered when ruling on a §1782(a) application:

1. Whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent";

2. "[T]he nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

3. "[W]hether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

4. [W]hether the request is "unduly intrusive or burdensome."

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

The first factor favors Kaspersky's request because Google is not a party to the Russian investigation. For this factor, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568 at *3 (N.D. Cal. 2016). Need is "apparent" when discovery "may be unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 264. Kaspersky is making this discovery application under § 1782 because it has no way to obtain the documents it needs from Google in Russia. When investigators requested information from Google in Russia, they were referred to Google LLC in California. Kniser Dec. ¶ 20.

/ / /

/ / /

/ / /

/ / /

The second factor also favors Kaspersky. "[T]his factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568 at *4. Here, the Russian Department of Internal Affairs is investigating the details of Kibersec's software and code uploaded to Google Play. Kniser Dec. ¶ 19. This shows that the information sought by this application will be considered in the Foreign Proceeding.

The third factor weighs in the applicant's favor when there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994 at *3 (N.D. Cal. Dec. 15, 2014). The foreign agency investigating the Former Employees and Kibersec has specifically requested information about uploads to Google Play. Kniser Dec. ¶ 19. Kaspersky will submit any information obtained through this § 1782 application to the Department of Internal Affairs. Kniser Dec. ¶ 23. Further, Kaspersky's Proposed Order limits the use of any information received from Google to legal proceedings involving Kibersec or the Former Employees. Kniser Dec. ¶ 24.

The last *Intel* factor focuses on whether the discovery requested is unduly intrusive or burdensome. The information requested is not intrusive because it is limited to public information and non-content information. First, there can be no expectation of privacy for publicly available information on Google Play. Second, non-content information is a recognized exception under the Stored Communication Act. 18 U.S.C. § 2703(c)(2). Finally, the Ninth Circuit has held that "email to/from addresses and IP addresses constitute "addressing information" that does not allow the requesting party to learn the contents of stored communications. *United States v. Forrester,* 512 F.3d 500, 512 (9th Cir. 2008).

The requests in this § 1782 application do not impose an undue burden because they are limited to information needed by investigators in the Foreign Proceeding. Kniser Dec. ¶ 19. Further, Kaspersky's proposed subpoena has only two document requests to Google, and the information requested is described in sufficient detail for a search to be performed efficiently. Kniser Dec. ¶ 2, Ex. A. The proposed subpoena has been tailored narrowly under the circumstances and should not impose an undue burden on Google.

/ / /

**Conclusion**

Kaspersky has established both the statutory and discretionary factors for discovery under § 1782. The Court is respectfully requested to grant leave to serve the proposed subpoena addressed to Google.

Dated: February 28, 2020

Respectfully submitted,

**ZUBER LAWLER & DEL DUCA LLP**
**JOSHUA M. MASUR**

By: _____*/s/Joshua M. Masur*_____
Attorneys for Petitioner AO Kaspersky Lab